UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darren Stribling,

                Plaintiff,    Case No. 20-cv-12990

v.                                   Judith E. Levy
                                        United States District Judge

Heidi Washington, and Jodi L.
DeAngelo,

                Defendants.

_____/

**OPINION AND ORDER DENYING APPOINTMENT OF COUNSEL [3], (2) DENYING PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER [1], AND (3) DENYING <u>CLASS CERTIFICATION [1]</u>**

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Darren Stribling is currently incarcerated at the Detroit Reentry Center Correctional Facility. He is being held there in a unit comprised of fifty to sixty prisoners who require regular kidney dialysis and other specialty medical treatments. The complaint asserts that the Michigan Department of Corrections (MDOC) plans to close the Detroit Reentry Center, and send all the prisoners receiving dialysis to the Woodland Correctional Facility. Plaintiff alleges that Woodland has insufficient

resources to operate such a unit, and that the poor water quality there is especially dangerous for persons who require regular dialysis. He argues that Defendants lack a comprehensive plan for the transfer of the unit, which amounts to deliberate indifference to their serious medical needs in violation of the Eighth Amendment.

Plaintiff requests certification of the case as a class action, preliminary injunctive relief compelling Defendants to adequately address the dialysis prisoners' continuing serious medical needs, and appointment of counsel.

I. **Complaint**

Plaintiff asserts that the MDOC recently announced that it plans to close the Ryan Correctional Facility (which is referred to as the Detroit Reentry Center) by January 20, 2021. MDOC also announced that the dialysis unit and its dialysis patients will be transferred to the Woodland Correctional Facility. Defendant Heidi Washington is the Director of the MDOC, and Defendant Jodi DeAngelo is the Warden of the Detroit Reentry Center. Plaintiff alleges that they are responsible for the closure of the Detroit Reentry Center and the transfer of the prisoners to the Woodland facility.

Plaintiff alleges that the MDOC has not developed or instituted any plan for the transfer of dialysis patients that takes into account their serious medical needs. Plaintiff states that the fifty to sixty prisoners on the unit are medically fragile and chronically ill patients who require regular dialysis and other specialized medical care. Plaintiff states that the transfer announcement was made on September 10, 2020, and it informed the unit that the transfer would take place by December 19, 2020. He asserts that it is impossible, without any comprehensive plan, to safely carry out a transfer of fifty to sixty medically fragile prisoners within a 90-day window without causing irreparable harm.

Plaintiff contends that each of the dialysis patients must be individually assessed for their individual medical needs before any transfer takes place. He lists the particular types of evaluations and arrangements required for a safe transfer to the new unit and to adequately care for their medical conditions once there. Plaintiff contends that no transfers should take place at all while the COVID-19 pandemic remains an ongoing concern.

Furthermore, Plaintiff asserts that the water quality at Woodland creates particular additional risks for prisoners with such medical

conditions. He additionally states that the new facility is not located in close enough proximity to the Detroit-area hospitals that prisoners on his unit frequently visit for specialized medical care. Among other things, he notes that Woodland has an insufficient number of dialysis machines and insufficient medical staffing trained to meet his and other similarly situated prisoners' special medical needs.

## II.  Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ.. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this pleading standard does not require "detailed" factual allegations, *id.*, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* "Nor does a complaint suffice if it tenders naked

4

assertions devoid of further factual enhancement." *Id*.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to, on its own, dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that (i) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (ii) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v.*

5

*Brooks*, 436 U.S. 149, 155–156 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972).

## III. Deliberate Indifference

Liberally construed, and affording Plaintiff the maximum benefit due *pro se* pleadings, the complaint asserts that Defendants, the Director of the MDOC and the Warden of the Detroit Reentry Center, are being deliberately indifferent to Plaintiff and the other dialysis prisoners' serious medical needs by failing to adequately plan for their imminent transfer to Woodland. Plaintiff's complaint lists particular measures that a transfer plan must contain to account for the prisoners' serious medical conditions, and he asserts that the absence of any plan amounts to the deliberate indifference to serious medical needs. He also notes the poor water quality at Woodland, its understaffing of specially trained staff, its lack of proximity to Detroit-area hospitals, and its lack of necessary medical equipment, reflect a deliberate indifference to the prisoners' serious medical needs.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations that occur during imprisonment. *See Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101–02 (1976). It is well-established that the deliberate indifference to serious medical needs of prisoners violates this constitutional prohibition. *Estelle*, 429 U.S. at 104–105. Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In other words, a prison official acts with deliberate indifference when he or she acts with criminal recklessness, i.e., when he or she "consciously disregard[s] a substantial risk of serious harm." *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994) (citing *Farmer*, 511 U.S. at 839–840); see also *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir. 2005) ("a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment" so that "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.")

7

While expressing no opinion on the likelihood that the allegations in the complaint are eventually proven to be true, Plaintiff's assertion in his *pro se* complaint that the transfer of critically ill dialysis prisoners to a new facility without any comprehensive plan for safely doing so, for purposes of screening the complaint under the PLRA, states an Eighth Amendment claim of deliberate indifference to a serious medical need.

### IV. Appointment of Counsel

Appointment of counsel for prisoners proceeding in forma pauperis is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605–606 (6th Cir. 1993) (internal quotations and citations omitted). At this early point in the proceedings, the Court declines to exercise its discretion to appoint counsel represent

Plaintiff. Plaintiff has adequately alleged the claims forming the basis of this §1983 lawsuit indicating his basic understanding of the legal process. Accordingly, the Court denies Plaintiff's motion for appointment of counsel without prejudice.

## IV. Request for Immediate Relief

Plaintiff has requested a temporary restraining order and a preliminary injunction. He sets forth what his opinion on the necessary requirements for a comprehensive transfer plan, and he seeks immediate relief that would essentially require the Court to oversee every aspect of the transfer.

Preliminary injunctions are "one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Ne. Ohio Coal v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000).

In exercising that discretion, a court must consider whether a plaintiff has established the following elements: (1) a strong or

substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also S. Galzer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) ("[T]hese are factors to be balanced, not prerequisites to be met.").

Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978).

Under controlling Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 action. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989).

Here, Plaintiff's pleading, while stating a claim if liberally construed, has not demonstrated a strong likelihood of success on the merits. Plaintiff claims that the MDOC has no comprehensive plan for the transfer, but it appears that this allegation stems from a memo he obtained that was written to MDOC staff regarding the closure of the Detroit Reentry Center. (*See* ECF No. 1, PageID.19-20, 24-25.) Plaintiff also states that he attempted to file a grievance regarding the transfer, but he did not receive a response that contained any information regarding his specific objections to the details surrounding the transfer.

It is not surprising that a memorandum addressed to MDOC personnel and apparently meant to assuage concerns regarding union and other employment matters did not provide a plan aimed at addressing the medical needs of the transferred prisoners, let alone the details of any such plan. Plaintiff's grievance was denied because the

11

matter was considered non-grievable. (ECF No. 1, PageID.27.) It is not surprising that the response to his grievance therefore did not discuss whether a comprehensive plan was in place or not. Therefore, while Plaintiff alleges that there is no plan (and therefore, construed liberally his complaint states a claim) nothing before the Court indicates that he has a strong or substantial likelihood of success on the merits.

Plaintiff has asserted the likelihood of irreparable injury if the preliminary injunction does not issue because the transfer is scheduled to occur in mid-December. But he is requesting the Court to step in and manage a complicated and imminent transfer of prisoners, which may very well be undertaken in accordance with a suitable plan the existence of which Plaintiff is simply unaware.

Accordingly, Plaintiff's motion for preliminary relief is denied.

## V. Class Action

Plaintiff requests class certification. For a case to proceed as a class action, the Court must be satisfied on a number of grounds, including the adequacy of class representation. *See* Fed. R. Civ. P. 23(a)(4). It is well established that *pro se* litigants can represent themselves, but are not authorized to practice law, and therefore are inappropriate

representatives of the interests of others. *See Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003) (finding that non-attorneys proceeding *pro se* cannot represent a class). Because Plaintiff is a *pro se* litigant, the Court finds that he is not an appropriate representative of a class. Therefore, Plaintiff's request for class certification is denied. Should the Court later reconsider Plaintiff's motion for appointment of counsel, the Court will reconsider Plaintiff's request for class certification.

## VI. Conclusion

Accordingly, Plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**. Plaintiff's request for a preliminary injunction and temporary restraining order is **DENIED**. Plaintiff's request for class certification is **DENIED**.

The case will proceed against Defendants on Plaintiff's Eighth Amendment claim.

IT IS SO ORDERED.


Dated: December 8, 2020         s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 8, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
