UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN STRIBLING

        Plaintiff,

v.

HEIDI WASHINGTON, *et al.*,

        Defendants.
_____/

Case No. 20-12990

Judith E. Levy
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER GRANTING MDOC DEFENDANT'S
MOTION TO STAY DISCOVERY (ECF No. 26)**

Plaintiff Darren Stribling filed this case on October 30, 2020 without the assistance of counsel. (ECF No. 1). On March 15, 2021, Defendants filed a motion for summary judgment. (ECF No. 22). On May 12, 2021, Plaintiff filed a response and supporting affidavit to Defendants' motion for summary judgment. (ECF No. 25, 26). On June 14, 2021, Defendants received discovery requests from Plaintiff. (ECF No.26, PageID.191). On July 2, 2021, Defendants filed a motion to stay discovery under Fed. R. Civ. P. 26(b)(2) until the resolution of their pending summary judgment motion. (ECF No. 26). To date, Plaintiff has not filed a response to Defendants' motion to stay. This case has been referred to the undersigned for all pretrial matters. (ECF No. 12).

In their summary judgment motion, Defendants contend Plaintiff failed to

exhaust the administrative remedies on his claims.[1] (ECF No. 22, PageID.112-20; ECF No. 26, PageID.193). Plaintiff responds that Defendants are not entitled to summary judgment on this basis as he exhausted all available administrative remedies. (ECF No. 25, PageID.154-59).

In their motion, Defendants assert granting their motion to stay discovery is appropriate as resolution of the summary judgment motion in their favor would render discovery unnecessary and "any resources expended by the parties in preparing and responding to discovery request would be wasted." (ECF No. 26, PageID.193). Further, Defendants argue Plaintiff's current discovery requests "seek information relating [to] the merits of his case and are not limited to the issue of exhaustion, as evidenced by the fact that Plaintiff filed his response to [Defendants'] motion before he submitted the discovery request." (*Id.*). In the alternative, if Defendants' motion for summary judgment were denied, Plaintiff "would not be prejudiced in any way" and could proceed with discovery. (*Id.*).

In considering a motion to stay, the Court looks to the standards applicable to a request to stay discovery where dispositive motions have been filed. "Trial courts have broad discretion and inherent power to stay discovery until the preliminary questions that may dispose of the case are determined." *Hahn v. Star*

---

[1] Defendants also argue Plaintiff failed to state § 1983 claims against Defendants in their official capacities. (ECF No. 22, PageID.120-21).

2

*Bank*, 190 F.3d 708, 719 (6th Cir. 1999); *Williams v. Scottrade, Inc.*, 2006 WL 1722224, at *1 (E.D. Mich. 2006) ("It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion.") (internal quotation omitted). Generally, "[t]he party seeking a protective order has the burden of showing that good cause exists for the order." *Perry v. Rousseau*, 2019 WL 3561920, at *4 (E.D. Mich. Aug. 6, 2019).

The undersigned finds that under the circumstances presented by this case, a stay of discovery is appropriate as, if successful, Defendants' summary judgment motion will eliminate Plaintiff's claims and result in a dismissal of the instant action. *See id.* ("Limitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery.") (quoting *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citation omitted)). Plaintiff will not suffer any prejudice from the stay as he filed his response to Defendants' motion for summary judgment prior to issuing discovery requests (ECF No. 25) and based on the undersigned's review of the pending discovery requests, the information sought does not appear to relate to the issue of exhaustion (ECF No. 26-1). Under these circumstances, the Court concludes that the burden on Defendants in having to engage in discovery while a motion for summary judgment is pending outweighs any potential prejudice to Plaintiff in delaying such

3

discovery. Accordingly, the Court finds good cause to **GRANT** Defendants' Motion to Stay pending the resolution of the motion for summary judgment (ECF No. 22).

**IT IS SO ORDERED**.

Review of this Order is governed by Federal Rule of Civil Procedure 72 and Local Rule 72.1.

Date: August 25, 2021            s/Curtis Ivy, Jr.
                                              Curtis Ivy, Jr.
                                              United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 25, 2021, by electronic means and/or ordinary mail.

                                              s/Kristen MacKay
                                              Case Manager
                                              (810) 341-7850