UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN STRIBLING

        Plaintiff,

v.

HEIDI WASHINGTON, *et al.*,

        Defendants.

_____/

Case No. 20-12990

Judith E. Levy
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

### ORDER ON PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL, LEAVE TO AMEND COMPLAINT, FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS, TO COMPEL, AND FURTHER REQUESTS (ECF Nos. 31, 32, 33, 34, 35, 42, 43, 45, 47, 48)

I. **BACKGROUND**

Plaintiff Darren Stribling filed this civil rights matter, *pro se*, on October 30, 2020, against Heidi Washington, director of the Michigan Department of Corrections ("MDOC"), and Jodi L. DeAngelo, warden at the Ryan Correctional Facility ("Defendants"). (ECF No. 1). Stribling alleges the MDOC announcement concerning the closure of the Ryan Correctional Facility and the later transfer of the dialysis unit and affected patients to the Woodland Correctional Center Facility("WCC"), absent a transfer plan for inmates needing dialysis, violated the Eighth Amendment. (ECF No. 1, PageID.4).

II. **PROCEDURAL HISTORY**

Defendants moved for summary judgment (ECF No. 22) to which Plaintiff

responded. (ECF No. 25). Defendants then received discovery requests from Plaintiff. (ECF No. 26, PageID.191). Defendants moved to stay discovery under Fed. R. Civ. P. 26 until the resolution of their pending summary judgment motion (ECF No. 26), which the undersigned granted (ECF No. 28). The undersigned recommended that Defendants' Motion to Summary Judgment be denied. (ECF No. 29). Plaintiff then filed several motions. Plaintiff moved for forma pauperis appointment of counsel, appointment of counsel, for leave to file amended complaint, for production of documents and requests for admissions from Defendants. (*See* ECF Nos. 31, 32, 33, 34, 35). On December 22, 2021, Judge Judith E. Levy issued an Order adopting the undersigned's Report and Recommendation. (ECF No. 40). Plaintiff then requested an independent medical monitor (ECF No. 42) and requested inspection or entry upon land (ECF Nos. 45,47). Plaintiff also moved to compel responses to his motion for production and admissions from Defendants. (ECF No. 43). Defendants moved to strike Plaintiff's first request for entry upon land. (ECF No. 48).

### III. ANALYSIS

#### A. Motions for Forma Pauperis Appointment of Counsel and Appointment of Counsel (ECF Nos. 31, 33)

Plaintiff moved for forma pauperis for appointment of counsel (ECF No. 31) and moved for appointment of counsel (ECF No. 33). In Plaintiff's motion for forma pauperis for appointment of counsel, he asks for forma pauperis status to

2

appoint counsel because he cannot pay. In the affidavit in support of this motion, Plaintiff swears under the penalty of perjury that he does not have the funds to pay counsel. (ECF No. 31, PageID.237-38). In his motion for appointment of counsel, Plaintiff claims the Court should appoint counsel because he survived summary judgment on the merits of his claims, he cannot litigate this case himself, as he wishes to represent a class, and because he cannot afford counsel. (ECF No. 33, PageID.249-50).

Plaintiff's motion for forma pauperis for appointment of counsel is styled as a motion for forma pauperis status and for appointment of counsel. (ECF No. 31). That said, Plaintiff did not formally move for in forma pauperis status. Plaintiff has already been granted permission to proceed without prepaying costs and the United States Marshals Service undertook service of the complaint. (ECF No. 5). So Plaintiff is proceeding in forma pauperis already. Although his motion is also framed as a motion for in forma pauperis status, it is simply a motion for appointment of counsel.

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981). With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner

civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). To make the determination whether there are exceptional circumstances to appoint counsel, the court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Plaintiff's claims are against multiple defendants, but do not appear overly complex. Moreover, his briefs and other filings with the Court show that he has an adequate understanding of the issues and matters involved here, and has an adequate understanding of litigation. The difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance.").

Summary judgment was not decided in Plaintiff's favor on the merits of his

claims because the undersigned only considered whether Plaintiff exhausted his claims through MDOC grievance procedures and whether Defendants were entitled to Eleventh Amendment immunity. The merits of Plaintiff's claims were not considered. (ECF No. 29). Judge Levy adopted the undersigned's Recommendation. (ECF No. 40). So the Court has yet to rule for Plaintiff on the merits of his claims. Should a dispositive motion be decided in his favor on the merits of his claims, he may re-file the motion for the appointment of counsel. Plaintiff's Motions for Forma Pauperis Appointment of Counsel (ECF No. 31) and for Appointment of Counsel (ECF No. 33) are **DENIED WITHOUT PREJUDICE**.

### B. Motion and Request for leave to Amend Complaint (ECF Nos. 32, 34)

Plaintiff requested (ECF No. 32) and moved for leave to amend his complaint (ECF No. 34). Defendants responded to Plaintiff's motion to amend (ECF No. 39) and Plaintiff replied (ECF No. 41). In his request, Plaintiff claims he inadvertently sued Defendants in their official capacities and asks the Court to strike that from his complaint. He wishes to incorporate by reference allegations included in the original complaint with added damages for Eighth and Fourteenth Amendment violations and deprivation of emotional injuries suffered. He also wishes to add compensatory damages of $750,000 and $30,000 of punitive damages jointly and severally against Defendants. (ECF No. 32, PageID.243-44).

In his motion, Plaintiff asks for leave to amend his complaint by omitting Plaintiff sued Defendants in their official capacities. He also asks to add prisoner Leon Taylor who suffered similarly to Plaintiff. He again asks to add $750,000 of compensatory and $30,000 of punitive damages against Defendants and to incorporate by refence the allegations in the original Complaint. (ECF No. 34, PageID.253-55).

In both requests, Plaintiff failed to include an amended complaint that reproduces the complaint *in its entirety* as amended. He asks the Court to add his new allegations and incorporate his original complaint by reference in both his request to amend his complaint (ECF No. 32, PageID.244) and his motion to amend. (ECF No. 34, PageID.254). The motion and request are improper. Local Rule 15.1 requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must . . . reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." E.D. Mich. L.R. 15.1.

For this reason, Plaintiff's Request to Amend Complaint (ECF No. 32) and Motion for Leave to File Amended Complaint (ECF No. 34) are **DENIED WITHOUT PREJUDICE**. If he chooses, Plaintiff may file a proper motion to amend that complies with Local Rule 15.1.

### C. Motion for Production of Documents and Requests for Admissions and to Compel Defendants' Answers (ECF Nos. 35,

**43)**

Plaintiff moved for production of documents and requests for admissions from Defendants.[1] (ECF No. 35). Plaintiff later moved to compel Defendants' answers to his motion for production of documents and requests for admissions. (ECF No. 43). Plaintiff claims Defendants failed to respond within thirty days of his request for production and admissions from Defendants, so he asks the Court to compel response by Defendants under Fed. R. Civ. P. 37. (ECF No. 43, PageID.332). Defendants respond that Plaintiff's motion should be denied as moot because Defendants fully responded to Plaintiff's discovery requests on December 13, 2021. (ECF No. 44, PageID.344-45). Plaintiff received Defendants' discovery responses, as the responses were sent with their opposition to Plaintiff's motion to amend and Plaintiff replied to that opposition. (*Id.* at PageID.345) (citing ECF No. 41). Plaintiff also failed to meet and confer with Defendants as required by Fed. R. Civ. P. 37(a)(1). (*Id.* at PageID.346). Plaintiff did not reply to Defendants' response.

A party seeking discovery may move for an order compelling response if the respondent fails to answer interrogatories submitted under Rule 33 or produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

---

[1] Plaintiff's briefs in support of his discovery requests and request for admissions are dated November 15, 2021. (ECF No. 35, PageID.261-66). Defendants claim they received Plaintiff's discovery requests on November 18, 2021. (ECF No. 44, PageID.344).

Defendants contend they fully responded to Plaintiff's discovery requests on December 13, 2021 (ECF No. 44, PageID.345) and attached the discovery responses to their response in opposition. (ECF No. 44-2). Plaintiff did not reply to refute Defendants' contention or evidence showing they already responded to Plaintiff's discovery requests. Thus, Plaintiff's motions for production and compelling production can be denied as moot. *Stiltner v. Donini*, No. 20-4136, 2021 WL 5232339, at *3 (6th Cir. Aug. 9, 2021) (denial of motion to compel discovery proper when defendants contend they already fully responded, and plaintiff had not replied to the defendants' response in opposition).

For these reasons, Plaintiff's Motion for Production of Documents and Requests for Admissions (ECF No. 35) and Plaintiff's Motion to Compel Defendants to Answer Plaintiff's First Motion for Production of Documents and Request for Admissions (ECF No. 43) are **DENIED AS MOOT**.

### D. Request for Independent Medical Monitor (ECF No. 42)

Plaintiff requested a court-appointed independent medical monitor. (ECF No. 42). Plaintiff asks the Court to enter a permanent injunction appointing the independent medical monitor to inspect and rule on the adequacy of the dialysis site at WCC, to obtain the plans covering health services, staff, off-site specialist availability, disability care, and "other inadequate dialysis results minutiae." (*Id*. at PageID.326). Defendants did not respond to Plaintiff's request.

Plaintiff cites no authority to support his request. He only makes his request "pursuant to the Fed. R. Civ. Proc." (*Id.* at PageID.324). For this reason alone, his request could be denied. That said, even if Plaintiff cited to appropriate authority, Plaintiff's request would still be denied.

Plaintiffs can bring requests for a medical monitor or special master under Fed. R. Civ. P. 53. Under Fed. R. Civ. P. 53, a court may appoint a master to:

> (A) perform duties consented to by the parties;
> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
> (i) some exceptional condition; or
> (ii) the need to perform an accounting or resolve a difficult computation of damages; or
> (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

At any rate, this request was not made by consent of the parties. Plaintiff does not ask for the independent medical monitor to hold trial proceedings. So only subsection (C) applies to Plaintiff's request. A Rule 53(C) master is unnecessary in this case. The Committee Notes to the 2003 Amendment make clear that a "pretrial master should be appointed only when the need is clear." Appointment of masters is limited to things like complex litigation, or cases in which expert knowledge would assist the court, like in interpreting patent claims. This case is not an example of complex litigation nor does it involve such complex matters as patent interpretation or otherwise requiring an expert to assist the Court.

9

The rule also contemplates appointment of a special master to address matters that cannot be effectively and timely addressed by an available judge. Plaintiff does not claim that his complaints cannot be effectively addressed in this Court, as he claims the medical monitor could report information to the Court. (ECF No. 42, PageID.326). Plaintiff's pretrial motions are addressed as have been and will be his other pretrial motions. There has been no indication that the Court cannot effectively and timely address pretrial matters. So by the guidance of the rule alone, this case does not merit appointment of a special master. For these reasons, Plaintiff's Request for Independent Medical Monitor (ECF No. 42) is **DENIED**.

### E. Requests for Inspection or Entry Upon Land (ECF Nos. 45, 47)

Plaintiff made two requests for inspection or entry upon land under Fed. R. Civ. P. 34(a)(2). (*See* ECF Nos. 45, 47). In his first request, Plaintiff asks the Court to enter an order appointing an independent investigator. The investigator would inspect the water at WCC, test the water for carcinogens, take photographs and inspect the reverse osmosis system in the dialysis water room, and inspect the cedar unit well-water system and well-water softener in March 2022. The investigator would advise the Court and Plaintiff of his findings of facts and conclusions of law. (ECF No. 45, PageID.378-79). Plaintiff's second request is nearly identical to his first, though in his second request the investigator would perform his inspection in June 2022. (ECF No. 47, PageID.393). Defendants

10

moved to strike plaintiff's second request as duplicative. (ECF No. 48). In response to Plaintiff's first request, Defendants argue Plaintiff's motion is improper under Fed. R. Civ. P. 34(a) because the request is subject to the Rule 26(b) scope of discovery. Plaintiff failed to serve Defendants with the discovery request before filing his request with the Court in violation of Fed. R. Civ. P. 26. (ECF No.46, PageID.386). Plaintiff did not meet and confer with Defendants to resolve the issue. (*Id.* at PageID.386-87). Plaintiff also failed to show the need for such an inspection or explain how it would be administered. (*Id.* at PageID.388).

Plaintiff's attempt to serve discovery requests on the Defendants in the first instance by filing them with the Court is improper under Eastern District of Michigan Local Rule 26.2 and Fed. R. Civ. P. 5(d)(1). Discovery requests must be made in accordance with Fed. R. Civ. P. 26 through 37. *See* Fed. R. Civ. P. 26-37. That is, discovery requests must be directed to the Defendants, not filed with the Court. Neither of Plaintiff's requests mention any attempt to serve the requests on Defendants before filing with the Court. Since Defendants allege Plaintiff failed to serve his first request on them, the Court can and will assume he also failed to serve his latest request. Plaintiff's requests are an improper means of submitting discovery to the Defendants. For this reason, Plaintiff's Requests for Inspection or Entry Upon Land (ECF Nos. 45, 47) are **DENIED WITHOUT PREJUDICE**, and Defendants' Motion to Strike Plaintiff's Duplicative Pleading (ECF No. 48) is

**DENIED AS MOOT.**

**IT IS SO ORDERED**.

Review of this Order is governed by Federal Rule of Civil Procedure 72 and Local Rule 72.1.

Date: April 1, 2022  s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 1, 2022, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850