UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARREN STRIBLING,<br>    Plaintiff, | Case No.: 20-12990 |
| v. | Judith E. Levy<br>United States District Judge |
| HEIDI WASHINGTON, *et al*.,<br>    Defendants.<br>_____/ | Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (ECF No. 61) AND GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY (ECF No. 64)

Plaintiff Darren Stribling filed this case on October 30, 2020, without the assistance of counsel. (ECF No. 1). The matter has been referred to the undersigned for all pretrial proceedings. (ECF No. 12). Pending are Defendants' motion to dismiss the complaint and Plaintiff's motion to amend the complaint. (ECF Nos. 52, 58). The Court has yet to issue a scheduling order setting discovery and other deadlines. That said, the Court lifted a stay on discovery in April.

On June 10, 2022, Plaintiff filed what he called a motion to compel production of documents and requests for admission. Rather than seeking relief from the Court, it appears this is Plaintiff's requests for discovery filed with the Court rather than served on the defendants.

If this is indeed an attempt to obtain discovery in the first instance by filing requests with the Court, the attempt is improper under Eastern District of Michigan Local Rule 26.2 and Fed. R. Civ. P. 5(d)(1).[1]  Discovery requests must be made in accordance with Fed. R. Civ. P. 26 through 37 if and when the time for discovery begins.  *See* Fed. R. Civ. P. 26-37.  That is, discovery requests must be directed to the defendant, not filed with the Court.  So Plaintiff's motion is due to be **DENIED** as it is an improper means of submitting discovery to Defendants.

On June 22, 2022, Defendants moved to stay discovery again pending resolution of their motion to dismiss.  Defendants' motion to stay discovery is **GRANTED**.  They assert that staying discovery is appropriate because if their pending motion to dismiss is granted, the case will be dismissed and discovery will be unnecessary.  Alternatively, they argue Plaintiff will not be prejudiced by a stay because the Court has not issued a scheduling order, and if and when it does, Plaintiff may seek discovery.  (ECF No. 64).

---

[1] While Plaintiff is representing himself, he is still expected to adhere to the rules governing litigation in this court.  *West v. Saginaw Twp. Police Dep't.*, 2014 WL 3599495, at *2 (E.D. Mich. July 22, 2014) (a *pro se* plaintiff is "not excused from failing to follow the Federal Rules of Civil Procedure"); *Fields v. Cnty. of Lapeer*, 2000 WL 1720727 (6th Cir. 2000) ("It is incumbent on litigants, even those proceeding *pro se*, to follow . . . rules of procedure."); *Kitchen v. Corizon Health Inc.*, 2018 WL 286425, at *4 (W.D. Mich. Jan. 4, 2018) ("The Federal Rules of Civil Procedure bind even *pro se* individuals.").

In considering a motion to stay, the Court looks to the standards applicable to a request to stay discovery where dispositive motions have been filed. "Trial courts have broad discretion and inherent power to stay discovery until the preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999); *Williams v. Scottrade, Inc.*, 2006 WL 1722224, at *1 (E.D. Mich. 2006) ("It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion.") (internal quotation omitted). Generally, "[t]he party seeking a protective order has the burden of showing that good cause exists for the order." *Perry v. Rousseau*, 2019 WL 3561920, at *4 (E.D. Mich. Aug. 6, 2019).

The Court finds that a stay of discovery is appropriate as, if successful, Defendants' motion to dismiss will eliminate Plaintiff's claims and result in a dismissal of this action. *See id.* ("Limitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery.") (quoting *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citation omitted)). There is no obvious prejudice to Plaintiff in staying discovery. If Plaintiff defeats the motion to dismiss, Defendants will file an answer to the complaint and the Court will issue a scheduling order setting discovery and dispositive motion deadlines. At that time, Plaintiff will have several months to engage in discovery.

Should Plaintiff defeat the motion to dismiss, the stay on discovery will not be lifted until the Court issues a scheduling order.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: June 23, 2022                              s/Curtis Ivy, Jr.
                                                 Curtis Ivy, Jr.
                                                 United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 23, 2022, by electronic means and/or ordinary mail.

s/Kristen MacKay  
Case Manager  
(810) 341-7850
