UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARREN STRIBLING, | Case No.: 20-12990 |
| Plaintiff, | Judith E. Levy |
| v. | United States District Judge |
| HEIDI WASHINGTON and JODI L. DEANGELO, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (ECF No. 52) AND PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF No. 58)**

**I.    PROCEDURAL HISTORY**

Plaintiff Darren Stribling ("Plaintiff") filed this civil rights matter, *pro se*, on October 30, 2020, against Heidi Washington, director of the Michigan Department of Corrections, and Jodi L. DeAngelo, warden at the Ryan Correctional Facility, (collectively, the "Defendants"). (ECF No. 1). This case was referred to the undersigned for all pretrial matters. (ECF No. 12). Defendants moved to dismiss Plaintiff's complaint for mootness. (ECF No. 52). Plaintiff responded (ECF No. 56) and Defendants replied (ECF No. 63). Plaintiff moved to amend his complaint (ECF No. 58) and filed his proposed amended complaint (ECF No. 59). Defendants responded (ECF No. 60) and Plaintiff replied (ECF No. 62).

For the reasons discussed below, the undersigned **RECOMMENDS** that Defendants' motion to dismiss (ECF No. 52) be **DENIED AS MOOT**, and Plaintiff's motion for leave to file amended complaint (ECF No. 58) be **GRANTED IN PART**. The undersigned further **RECOMMENDS** that Plaintiff **RE-FILE** Plaintiff's amended complaint (ECF No. 59) as **PLAINTIFF'S SUPPLEMENTAL COMPLAINT**.

## II. BACKGROUND

In the original complaint, Plaintiff alleges the Michigan Department of Corrections' ("MDOC") closure of the Ryan Correctional Facility and transfer of the dialysis unit and the patients receiving care at that facility to the Woodland Correctional Center Facility ("WCC"), without a transfer plan was in violation of the Eighth Amendment. (ECF No. 1, PageID.7, ¶¶ 2-3). Plaintiff contends it would be "extraordinarily dangerous" to transfer all dialysis patients without assurances that WCC can provide an appropriate dialysis unit and other necessary services dialysis patients need. (*Id*. at ¶2). Plaintiff was concerned that conditions at WCC would be particularly harmful for people with compromised immune systems. Plaintiff was concerned that the well-water system at WCC would be contaminated. He was also concerned about risks for Covid-19 outbreak. He was also worried that WCC is too far from Detroit-area hospitals that prisoners on his unit often visit for specialized medical care. (*Id.* at PageID.10-11, ¶¶ 20-26). He

also noted that WCC's facility has inadequate dialysis equipment and staff for incoming patients. (*Id.* at PageID.12, ¶29). The transfer without a plan and inadequacies of WCC show Defendants' deliberate indifference to inmates medical needs.

Plaintiff asked for an order from the Court barring the transfer until a comprehensive transfer plan was in place. (*Id.* at PageID.18). The Court denied Plaintiff's requests for injunction and class certification. The Court allowed Plaintiff's case to proceed against Defendants on his Eighth Amendment claims. (ECF No. 7, PageID.69). Defendants moved to dismiss the original complaint as moot, since the transfer at issue already occurred. (ECF No. 52, PageID.445).

In Plaintiff's proposed amended complaint, he alleges that many of his fears about conditions at WCC were proven true. Plaintiff brings this claim along with proposed Plaintiff Leon Taylor, another dialysis patient. Plaintiff also adds Defendants John and Jane Doe, medical personnel at WCC. (ECF No. 59, PageID.496-97). After the transfer to WCC, Plaintiff and proposed Plaintiff Leon Taylor (collectively, "Proposed Plaintiffs"), were treated with broken dialysis machines that had to be replaced during treatment. Defendants transferred Proposed Plaintiffs into a housing unit on Covid-19 lockdown, exposing them to Covid-positive prisoners, forcing Proposed Plaintiffs into quarantine after close contact. (*Id.* at PageID.496-97). Proposed Plaintiffs contend that the well-water at

WCC is contaminated, as they suffered infection, nausea, diarrhea, and cramps from drinking, showering, cooking, and undergoing dialysis treatment. (*Id.* at PageID.497).

Proposed Plaintiffs allege Defendants DeAngelo and Washington violated their duty to ensure Plaintiffs live in humane conditions by placing immunocompromised prisoners in hazardous conditions, showing deliberate indifferent to their serious medical needs. The Doe Defendants, as medical personnel at WCC, knew of the conditions and ignored medical letters ("kites") sent by Plaintiffs about delays in medication, showing deliberate indifference. (*Id.* at PageID.498).

### III. ANALYSIS AND RECOMMENDATIONS

A. <u>Motion for Leave to File Amended Complaint (ECF No. 58)</u>

Plaintiff moves for leave to file his amended complaint under Fed. R. Civ. P. 15(a). (ECF No. 58). Plaintiff seeks to add Proposed Plaintiff Leon Taylor and plead violations of their Eighth Amendment rights that occurred since their transfer to WCC. (*Id.* at PageID.492). Defendants argue Plaintiff's motion to amend as written is a motion to supplement his original complaint under Fed. R. Civ. P. 15(d). (ECF No. 60, PageID.518). Defendants contend Plaintiff's proposed amendment fails to remedy deficiencies in his original complaint, since prisoners may not amend to avoid summary dismissal and amendment is not the proper

4

avenue to raise new causes of action. So, Plaintiff's motion should be denied. (*Id.* at PageID.519-21). In reply, Plaintiff maintains he is not supplementing his complaint because the proposed amended complaint discusses the same Eighth Amendment violations he pleads in his original complaint. (ECF No. 62, PageID.544).

Rule 15(a) provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15 (a)(2). There are several factors the Court can consider in determining a motion to amend, including: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

Rule 15(d) allows a party to supplement a pleading "setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d) (emphasis added). Like with Rule 15(a), Rule 15 (d) "'give[s] the court broad discretion in allowing a supplemental pleading.'" *Ne. Ohio Coal. for the Homeless v. Husted*, 837 F.3d 612, 625 (6th Cir. 2016) (citations omitted). Though there must be some "'relationship or linkage between the claims asserted in the original

5

complaint and the supplemental claims.'" *Coleman v. Gullet*, 2013 WL 4026839, at *5 (E.D. Mich. Aug. 6, 2013), *report and recommendation adopted*, 2013 WL 5172306 (E.D. Mich. Sept. 13, 2013) (quoting *Imelmann v. Michigan Dep't of Corr.*, 2012 WL 2917514, at *1 (E.D. Mich. July 17, 2012)). In deciding whether to allow a supplement, courts may consider prejudice to the non-moving party, judicial economy, and futility of the supplemental claims. *Bormuth v. Whitmer*, 548 F. Supp. 3d 640, 646 (E.D. Mich. 2021). A court may deny a motion to supplement when the proposed supplement fails to remedy deficiencies in the original complaint. *Id.*

Though Plaintiff requests leave to amend under Fed. R. Civ. P. 15(a), as Defendants note, he really requests leave to supplement his complaint under Fed. R. Civ. P. 15(d). Rule 15(d) allows parties to supplement a complaint to add "event[s] that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). Plaintiff notes that his new allegations occurred after filing his original complaint by explaining that "since the filing of the original complaint, new allegations have been established." (ECF No. 59, PageID.495, ¶ 1). Since Plaintiff's amended complaint concerns events that occurred after the original complaint, his motion can properly be read as a motion to supplement under Fed. R. Civ. P. 15(d).

6

Plaintiff's original complaint and his new supplemental claims are related. Plaintiff's original complaint stemmed from his concern that the then-announced transfer of dialysis patients to WCC, absent a medically viable plan, showed deliberate indifference to immunocompromised inmates like Plaintiff. (ECF No. 1). Plaintiff cited his fears about the contaminated well-water system at WCC, risks of Covid-19 outbreak, and inadequate dialysis equipment and staff for incoming patients. (*Id*. at PageID.11-12). For these reasons, among others, Plaintiff sought to stop the transfer. (*Id.* at PageID.18). After the transfer, Plaintiff alleges that many fears he had about the transfer proved true. (ECF No. 59). As he predicted, Plaintiff alleges WCC exposed immunocompromised inmates to contaminated water, Covid-19 outbreak, and inadequate dialysis equipment. (*Id.* at PageID.497-98). Thus, there is a relationship between Plaintiff's original claims and his supplement, so he could have a viable supplemental complaint. *Coleman*, 2013 WL 4026839, at *5.

Since the supplemental complaint brings many of the same allegations Plaintiff included in his original complaint, it will not prejudice Defendants. Defendants do not have to prepare for a new cause of action or new allegations, as many allegations mirror those already included in the original complaint. *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) ("The amended cause of action is not so

different as to cause prejudice to the defendants. . . . ").  The similarities between the original complaint and supplement protect Defendants from undue prejudice.

Further, since Plaintiff's original complaint and his proposed supplement are so similar, it would serve the interest of judicial economy to grant him leave to file his supplemental complaint.  It would be inefficient to have Plaintiff file a new complaint about similar issues and parties.  Plaintiff's proposed supplemental complaint adds two new Doe Defendants.  But he still alleges Defendants Washington and DeAngelo violated his Eighth Amendment rights by transferring him to WCC—pleading against the same parties and similar issues as he did in his original complaint.  (ECF No. 59, PageID.498).  In *Bormuth*, the court found it would be judicially inefficient to require Plaintiff to file a new lawsuit, though the supplemental complaint added a party and new authority, because "the crux of this lawsuit … is similar."  *Bormuth*, 548 F. Supp. 3d at 649.  The crux of Plaintiff's proposed supplemental complaint and his original complaint is similar, transfer to WCC showed deliberate indifference to the health of dialysis patients like Plaintiff.  Thus, it would be judicially inefficient for Plaintiff to file a new complaint about similar issues.

Defendants contend Plaintiff's new complaint is futile, because the "new information does not remedy the deficiencies in the original complaint."  (ECF No. 60, PageID.520).  Defendants cite their motion to dismiss, which argues Plaintiff's

N/A

original complaint was mooted once he was transferred to WCC. (ECF No. 60, PageID.519-20). Since Plaintiff cannot amend his complaint to avoid summary dismissal, Plaintiff's original complaint is moot, and Plaintiff cannot remedy this with an amended complaint. (*Id.* at PageID.520) (citing *Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002)).

Plaintiff can still supplement under Fed. R. Civ. P. 15(d). Plaintiff's alteration is distinguished from that in *Baxter* because he does not seek to cure exhaustion defects in his complaint. *Baxter*, 305 F.3d 488-89 ("a plaintiff, who fails to make a sufficient allegation of exhaustion in their initial complaint, also not be allowed to amend his complaint to cure the defect.").[1] Moreover, even if Plaintiff's original complaint were moot, he is not barred from supplementing the complaint. As Rule 15(d) sets out, "[t]he court may permit supplementation even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d). Thus, if Plaintiff's original complaint was moot, he could still supplement it with later allegations like he does here. Further, given the preference for deciding cases on the merits, Plaintiff should be allowed leave to supplement his complaint. *Foman v. Davis*, 371 U.S. 178, 181 (1962). Thus, the undersigned **RECOMMENDS** that Plaintiff's motion for leave to file amended complaint

---

[1] That said, plaintiffs are no longer required to specifically plead exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

(ECF No. 58) be **GRANTED IN PART**.  Plaintiff should **RE-FILE** his amended complaint (ECF No. 59) as **PLAINTIFF'S SUPPLEMENTAL COMPLAINT**.

    B. <u>Motion to Dismiss Original Complaint (ECF No. 52)</u>

Defendants moved to dismiss Plaintiff's original complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (ECF No. 52).  Then, Plaintiff moved for leave to file his amended complaint (ECF No. 58) and filed his proposed amended complaint (ECF No. 59).  As detailed above, the undersigned recommends that Plaintiff's motion for leave to file his amended complaint be granted in part.  If the undersigned's recommendation is adopted, Plaintiff's supplemental complaint will be the operative complaint.  "It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."  *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).  Plaintiff's supplemental complaint would supersede the original complaint, making the motion to dismiss the complaint moot.  *Kentucky Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citation omitted).  Thus, the undersigned **RECOMMENDS** that Defendants' motion to dismiss (ECF No. 52) be **DENIED AS MOOT**.  The supplemental complaint should be the operative complaint.

**IV.    RECOMMENDATION**

For the reasons above, the undersigned **RECOMMENDS** that Defendants' motion to dismiss (ECF No. 52) be **DENIED AS MOOT**, Plaintiff's motion for leave to file amended complaint (ECF No. 58) be **GRANTED IN PART**. The undersigned further **RECOMMENDS** that Plaintiff **RE-FILE** Plaintiff's amended complaint (ECF No. 59) as **PLAINTIFF'S SUPPLEMENTAL COMPLAINT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 19, 2022       s/Curtis Ivy, Jr.
                                Curtis Ivy, Jr.
                                United States Magistrate Judge

# CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 19, 2022.

                                s/Kristen MacKay
                                Case Manager
                                (810) 341-7850