UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darren Stribling,

                Plaintiff,        Case No. 20-12990

v.                                Judith E. Levy
                                United States District Judge
Heidi Washington, et al.,

                               Mag. Judge Curtis Ivy, Jr.
              Defendants.

_____/

**OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION IN PART [67], GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [58], DENYING DEFENDANTS' MOTION TO DISMISS [52], AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT AND MOTION FOR APPOINTMENT OF COUNSEL [68]**

This is a civil rights lawsuit brought by pro se Plaintiff Darren Stribling, who is currently a prisoner at the Woodland Center Correctional Facility ("WCC"). Before the Court is Magistrate Judge Curtis Ivy, Jr.'s September 19, 2022 Report and Recommendation (ECF No. 67) recommending the Court grant Plaintiff's motion for leave to file an amended complaint (ECF No. 58) and deny Defendants Hedi Washington and Jodi L. Deangelo's motion to dismiss as moot. (ECF

No. 52.) The parties were required to file specific written objections, if any, within 14 days of service. Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d). No objections were filed.[1] The Court has nevertheless carefully reviewed the Report and Recommendation and concurs in the reasoning and result with one exception.

In the motion to file an amended complaint, Plaintiff seeks to add Leon Taylor, a fellow prisoner at WCC, as an additional pro se plaintiff in this case. (*See* ECF No. 58, PageID.491–492; ECF No. 59, PageID.495–496.) Judge Ivy's Report and Recommendation does not appear to address whether joinder of Taylor as a plaintiff in this case is proper. The Court concludes that it is not.

Under Federal Rule of Civil Procedure 20(a)(1), "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

---

[1] Following Judge Ivy's Report and Recommendation, Plaintiff filed an additional motion for leave to file a supplemental complaint and a motion for appointment of counsel dated October 4, 2022. (ECF No. 68.) Plaintiff also filed several declarations dated December 17, 2022. (ECF No. 69.) However, Plaintiff's filings do not include any objections to Judge Ivy's Report and Recommendation.

occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." As this Court has previously explained:

> Notwithstanding Rule 20(a)(1), there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a)." Some of the problems that often arise from multiple-plaintiff prisoner cases include the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." Allowing multiple prisoner plaintiffs to proceed in a single action also "invites violations of [Federal] Rule [of Civil Procedure] 11(a), which requires every pleading to be signed by all pro se plaintiffs." Multiple-plaintiff prisoner cases can also often lead to pleadings being filed on behalf of the other plaintiffs without their consent.
>    An additional problem with multiple-plaintiff litigation in the prisoner context is that "jail populations are notably transitory, making joint litigation difficult." Furthermore, other district courts have also recognized the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)." Prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult."

*Rouse v. Michigan Parole Bd.*, No. 21-CV-12670, 2022 WL 1598622, at *3–4 (E.D. Mich. May 19, 2022) (Levy, J.) (alterations in original) (citations omitted); *see also Herndon v. Heyns*, 702 F. App'x 325, 328 (6th Cir. 2017) (holding that the district court did not abuse its

3

discretion in refusing to allow a pro se prisoner to join his claims with another pro se prisoner).

Here, the Court is likewise concerned that joinder of Taylor as a plaintiff in this case would make joint litigation "exceptionally difficult." First, the documents submitted jointly by Plaintiff and Taylor do not consistently differentiate between conduct that Plaintiff and Taylor were subject to collectively or individually. (*See generally* ECF Nos. 58, 59, 62, 68.) Nor is it clear whether certain reactions, treatments, or denials of treatment were common to both Plaintiff and Taylor. (*Id.*) Without clear differentiation between their allegations, it will be difficult for the Court to conduct the required screening of the supplemental complaint under 28 U.S.C. § 1915A or for Defendants to address whether both Plaintiff and Taylor properly exhausted their claims under 28 U.S.C. § 1997e. Moreover, the Court has substantial concerns that papers in this case may be submitted on behalf of other plaintiffs without their consent or in violation of Rule 11(a). Such concerns are not merely hypothetical. In reviewing the filings, the Court identified that Plaintiff's reply brief was not signed by Plaintiff and is instead signed only by Taylor. (*See* ECF No. 62, PageID.546, 547, 549.)

4

As such, the Court concludes that joinder of Taylor is not appropriate at this time and denies Plaintiff's motion to the extent he seeks to join Taylor as a plaintiff.[2]

Accordingly, the Report and Recommendation (ECF No. 67) is ADOPTED IN PART. Plaintiff's motion for leave to file an amended complaint (ECF No. 58) is GRANTED IN PART. To the extent Plaintiff seeks leave to join Leon Taylor as a plaintiff, the motion is DENIED. Defendants' motion to dismiss (ECF No. 52) is DENIED as MOOT. Plaintiff must file his supplemental complaint, limited to his own allegations, within **45 days** of this Opinion and Order.

Plaintiff's motion for leave to file a supplemental complaint (ECF No. 68, PageID.596–625) is DENIED as MOOT.

Plaintiff's motion for appointment of counsel (ECF No. 68, PageID.626–631) is DENIED WITHOUT PREJUDICE. Plaintiff may

---

[2] Nothing in this Opinion and Order should be construed as limiting Taylor's ability to file a separate action with the Eastern District of Michigan regarding his specific claims of violations of his constitutional rights. If he elects to do so, Taylor may indicate in his complaint that this case as a potential companion case. *See* Eastern District of Michigan Local Rule 83.11(b)(7) ("Companion cases are cases in which it appears that: (i) substantially similar evidence will be offered at trial, or (ii) the same or related parties are present and the cases arise out of the same transaction or occurrence, . . . . [A] party without counsel must bring companion cases to the court's attention by responding to the questions on the civil case cover sheet . . . .").

5

renew his motion for appointment of counsel after he has filed his supplemental complaint.

IT IS SO ORDERED.

Dated: February 9, 2023  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 9, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager