UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARREN STRIBLING,<br>　　　　　　Plaintiff,<br>v.<br>HEIDI WASHINGTON, et al.,<br>　　　　　　Defendants.<br>_____/ | Case No. 20-12990<br><br>Judith E. Levy<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER GRANTING DEFENDANTS' MOTIONS TO TAKE PRISONER DEPOSITIONS (ECF Nos. 80, 81); DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 82); and DENYING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 83)**

Plaintiff Darren Stribling, proceeding without the assistance of counsel, filed this lawsuit on October 30, 2020. (ECF No. 1). This matter was referred to the undersigned for all pretrial matters. (ECF No. 12).

A.　Motion to Take Depositions (ECF Nos. 80, 81)

Defendants DeAngelo and Washington seek leave to take Plaintiff's deposition (ECF No. 80) and the deposition of two other prisoner-witnesses (ECF No. 81). Plaintiff did not oppose either motion.

The motions are **GRANTED**. Defendants' motions comply with Federal Rule of Civil Procedure 30(a)(2), which requires leave of court to depose an incarcerated individual and which should be permitted when consistent with the principles outlined in Rule 26(b)(2). The Michigan Department of Corrections is

ordered to produce Plaintiff and the two prisoner-witnesses for their depositions. The depositions must take place at a date and time agreed on by the parties and the correctional facility. The depositions may occur in person, by telephone, or by video teleconference.

B.   Motion to Appoint Counsel (ECF No. 82)

Plaintiff seeks appointment of pro bono counsel. In support of his motion, he states that he cannot afford counsel, he will be unable to depose the Defendants because he is incarcerated, an attorney can help him properly apply the law in briefs and can help him present evidence at trial, and that his case is complex. (ECF No. 82). This is his fourth motion for appointment of counsel.

The motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**. As explained in prior Orders denying appointment of counsel, (*see* ECF Nos. 7, 50), under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981). With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided on the merits of the claims. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)

("It is a privilege that is justified only by exceptional circumstances."). To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

This case is against four defendants (two of whom are still John Doe defendants) and the claims are not exceedingly complex. The difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance."). Plaintiff has all the discovery tools available to him, including mailing requests for admission, interrogatories, and requests for documents to the defendants. The defendants will have to respond to proper discovery requests. And Plaintiff can take the Defendants depositions by hiring a court reporter and coordinating availability of the court reporter and the deponent after properly noticing the deposition as described in Fed. R. Civ. P. 30. Moreover, a dispositive motion on the merits has not been decided in Plaintiff's

favor. The motion for summary judgment for failure to exhaust administrative remedies did not test the merits of Plaintiff's claims; it addressed only whether Plaintiff could bring this lawsuit.

For the reasons stated above, Plaintiff's motion for appointment of counsel (ECF No. 82) is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile the motion if circumstances change, such as defeating or succeeding on a dispositive motion on the merits (e.g., a motion for summary judgment).

C.  Motion to Proceeding *In Forma Pauperis* (ECF No. 83)

Plaintiff has already been granted *pauper* status. (ECF No. 5). Given his reference to appointment of counsel due to his inability to "prepay," it appears this is a motion for appointment of counsel. It is **DENIED** for the reasons explained above on Plaintiff's motion for appointment of counsel.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: June 6, 2023                    s/Curtis Ivy, Jr.
                                      Curtis Ivy, Jr.
                                      United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 6, 2023, by electronic means and/or ordinary mail.

                                      s/Kristen MacKay
                                      Case Manager
                                      (810) 341-7850