# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Darren Stribling,

                Plaintiff,        Case No. 20-12990

v.                                    Judith E. Levy
                                    United States District Judge

Heidi Washington, et al.,

                                    Mag. Judge Curtis Ivy, Jr.

                Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO OBJECT [107]

On June 3, 2024, Magistrate Judge Curtis Ivy, Jr. issued a Report and Recommendation ("R&R") (ECF No. 106), recommending that the Court grant Defendants Heidi Washington and Jodi L. DeAngelo's motion for summary judgment. (ECF No. 100.) The R&R was served on Plaintiff Darren Stribling via mail that same day. (*See* June 3, 2024 Text-Only Order.) *See also* Fed. R. Civ. P. 5(b)(2) ("A paper is served under this rule by . . . (C) mailing it to the person's last known address—in which event service is complete upon mailing[.]"). Pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule

72.1(d), the parties were required to file any objections to the R&R within 14 days of service. However, "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). As such, Plaintiff's objections to the R&R were due June 20, 2024.

On or about June 25, 2024, Plaintiff mailed a letter to Judge Ivy, requesting an extension of time to object to and seek review of the R&R. (ECF No. 107, PageID.1229–1230.) In his letter, Plaintiff explains that he "was hospitalized on 6/4/24 for heart complications" and "remained in the hospital until 6/15/24." (*Id.* at PageID.1229.) He further states that he "did not receive the Report and Recommendation until 6/21/24." (*Id.*)

The Court construes Plaintiff's request as a motion for an extension of time to object to the R&R. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . ." (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Under Federal Rule of Civil Procedure 6(b), the Court "may, for good cause, extend the time . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1).

2

> [T]he governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, the Court concludes that each of these factors weigh in favor of finding excusable neglect. Plaintiff mailed his letter to the Court 5 days after his objections to the R&R were due and requests only 14 days additional days to allow him time to respond to the R&R. (*See* ECF No. 107, PageID.1229.) This minor delay has not had a significant impact on the proceedings, nor does it impose a danger of unfair prejudice to Defendants. Moreover, Plaintiff's hospitalization and delayed receipt of the R&R were not within his reasonable control. Finally, Plaintiff mailed his letter requesting additional time within 4 days of receiving the R&R, indicating that he acted in good faith. (*See id.* at PageID.1230.)

3

Accordingly, Plaintiff's request for an extension of time to file objections to the R&R is GRANTED. (ECF No. 107.) Plaintiff must file his objections to the R&R by **Wednesday, July 31, 2024**.

IT IS SO ORDERED.

Dated: July 16, 2024                         s/Judith E. Levy
Ann Arbor, Michigan                   JUDITH E. LEVY
                                                     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 16, 2024.

                                                     s/William Barkholz
                                                     WILLIAM BARKHOLZ
                                                     Case Manager