# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Darren Stribling,

                Plaintiff,        Case No. 20-cv-12990

v.                            Judith E. Levy
                            United States District Judge

Heidi Washington, Jodi L.
DeAngelo, Jane Doe, and John Doe,  Mag. Judge Curtis Ivy, Jr.

                Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS [109], ADOPTING REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [106], AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [100]

Before the Court is Magistrate Judge Curtis Ivy, Jr.'s Report and Recommendation ("R&R"), (ECF No. 106), which recommends granting Defendant's Motion for Summary Judgment. (ECF No. 100.)

Plaintiff Darren Stribling is a prisoner who is in the custody of the Michigan Department of Corrections ("MDOC"). (ECF No. 72.) The events underlying this lawsuit arose from the transfer of Plaintiff from the Ryan Correctional Facility, also known as the Detroit Reentry

Center, to the Woodland Center Correctional Facility ("WCC"). (*Id.* at PageID.648; ECF No. 1, PageID.24.)

On June 3, 2024, Magistrate Judge Ivy issued the R&R recommending that the Court grant Defendants' motion. (ECF No. 106.) The parties were required to file specific written objections, if any, within fourteen days of service. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). Plaintiff submitted four objections to the R&R on August 2, 2024. (ECF No. 109.)

For the reasons set forth below, the Court denies Plaintiff's objections, adopts the R&R, and grants Defendants' motion for summary judgment.

## I.   Background

The Court adopts by reference the procedural history and background set forth in the R&R, having reviewed it and finding it to be accurate and thorough.[1] (ECF No. 106, PageID.1210–1215.)

For added procedural context, the Court briefly sets forth key portions of the history of the supplementation of Plaintiff's complaint.

---

[1] The Court does, however, clarify one factual matter: the date of Plaintiff's first grievance was September 22, 2020, (ECF No. 1, PageID.22), and it was received and rejected on September 23, 2020. (*Id.* at PageID.22, 27.)

Plaintiff filed his complaint on October 30, 2020 ("the original complaint"). (ECF No. 1.) After the transfer to WCC, Plaintiff requested to amend his complaint, in part to seek damages against Defendants. (ECF No. 32.) The same day Plaintiff made the request to amend, he also filed a motion for leave to file an amended complaint that would have added a plaintiff and sought damages against Defendants. (ECF No. 34.) Defendants opposed the request. (ECF No. 39.) Plaintiff replied. (ECF No. 41.) Because Plaintiff's request and motion failed to comply with the local rules, both were denied without prejudice. (ECF No. 50, PageID.413.) Plaintiff filed a second motion for leave to file an amended complaint, (ECF No. 58), and a proposed amended complaint. (ECF No. 59.) Defendants responded to oppose the second motion for leave to file an amended complaint. (ECF No. 60.) They argued that Plaintiff's second motion for leave to amend his complaint should be construed as a motion to supplement, because it sought to add claims that transpired after the filing of the original complaint. (*Id.* at PageID.518–519.) Plaintiff replied. (ECF No. 62.) Magistrate Judge Ivy issued an R&R that recommended reading Plaintiff's motion as attempting to supplement rather than amend his complaint. (ECF No. 67, PageID.589–593.) The R&R

recommended that the Court grant the motion in part and allow Plaintiff to re-file his proposed amended complaint as a supplemental complaint. (ECF No. 67, PageID.593.) The Court adopted the R&R in part, holding that Plaintiff was not permitted to join a second plaintiff to the lawsuit. (ECF No. 70, PageID.644 ("Plaintiff must file his supplemental complaint, limited to his own allegations, within 45 days of this Opinion and Order." (emphasis omitted)).) After the Court issued its order, Plaintiff filed his verified supplemental complaint ("the supplemental complaint").[2] (ECF No. 72.)

## II.    Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the

---

[2] To the extent that the R&R cites from the proposed amended complaint, (ECF No. 59), the Court construes these citations as providing useful background rather than as setting forth the legal claims currently under consideration.

4

basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper. *See Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)). Moreover, objections must be clear and specific so that the district court can "discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light

most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

Because Plaintiff is self-represented, the Court will construe his pleadings and filings liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

## III. Analysis

Plaintiff raised four objections to the R&R. (ECF No. 109.) Defendants responded to argue against Plaintiff's objections. (ECF No. 110.) As set forth below, the Court denies all four of Plaintiff's objections.

### A. Objection 1

The R&R states that "[b]oth parties agree that Plaintiff's request for injunctive relief should be denied." (ECF No. 106, PageID.1218.) Plaintiff objects to that statement, asserting that the Court heard and denied injunctive relief at an earlier stage of the litigation. (ECF No. 109, PageID.1235.) As support, he cites the Court's denial of his request for a preliminary injunction. (ECF No. 7, PageID.65–68.) He argues that he does not raise injunctive relief in the supplemental complaint and "is not asking for injunctive relief at this time." (*Id.* at PageID.1236.) Further,

6

he states that "the claim of injunctive relief should be considered moot at this time since Plaintiff has not raised it at [WCC]." (*Id.* at PageID.1235; *see also* ECF No. 104, PageID.1175–1176 (Plaintiff asserting that his claims for injunctive relief are moot and that he is no longer pursuing those claims).) On that basis, Plaintiff objects to the R&R characterizing him as taking the position that injunctive relief should be denied. (*Id.* at PageID.1236.) This objection about how the Court should characterize Plaintiff's position with respect to injunctive relief fails as a basis for rejecting the R&R.

First, Plaintiff incorrectly suggests that the Court's denial of his request for a preliminary injunction constituted a dismissal of his claims for permanent injunctive relief. (ECF No. 109, PageID.1235 ("[T]he issue of injunctive relief [was] heard and denied by the Court's opinion and order[.]" (citing ECF No. 7)).) Plaintiff's original complaint sought declaratory and injunctive relief, including a preliminary injunction and temporary restraining order, but it did not seek damages. (ECF No. 1, PageID.1, 6.) The complaint sought permanent injunctive relief related to the transfer, including the imposition of requirements related to medical staffing and the physical construction of the facility to which

Plaintiff was being transferred, among other things. (*Id.* at PageID.10–11.) The Court denied Plaintiff's request for a preliminary injunction and temporary restraining order, but it did not dismiss Plaintiff's claims for permanent injunctive relief on the merits. (ECF No. 7, PageID.69.) A court's determination of claims for preliminary relief like preliminary injunctions and temporary restraining orders does not resolve claims for permanent injunctive relief on the merits. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Until now, the Court has not addressed Plaintiff's request for permanent injunctive relief that was raised in his original complaint. Plaintiff's undismissed claims for permanent injunctive relief in his original complaint are therefore still pending before the Court even if he did not add further injunctive relief claims in the supplemental complaint.[3]

---

[3] To the extent Plaintiff's objection is that his claims for permanent injunctive relief are no longer pending because his supplemental complaint superseded his original complaint, his objection fails as basis to reject the R&R's recommendations. Objections must go to factual and legal issues "that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Accepting this construal of Plaintiff's objection would mean that the original complaint should no longer be pending before the Court, because it has been superseded. Rejecting this construal of Plaintiff's objection would mean that—as set forth below—his original complaint is pending, but it is moot and must be dismissed. The result is the same, because, as Defendants argue, the original complaint is "subject to dismissal" either way. (ECF No. 110, PageID.1246.) Insofar as Plaintiff intends to argue that his original

Second, Plaintiff incorrectly contends that the Court should not deny claims he concedes are moot. (*See* ECF No. 109, PageID.1235–1236.) In his response to the motion for summary judgment, Plaintiff concedes that his request for injunctive relief is moot and should therefore be denied.[4] (ECF No. 104, PageID.1175–1176.) His first objection asserts "the claim of injunctive relief should be considered moot at this time" and that he "is not asking for injunctive relief at this time." (ECF No. 109, PageID.1235–1236.) "A case becomes moot, depriving federal courts of jurisdiction, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 898 (6th Cir. 2014) (cleaned up). The Court lacks the authority under Article III to decide claims that are moot and must therefore dismiss them. *See Steel Co. v. Citizens for a Better Env't*, 523

---

complaint is no longer pending, this objection fails to get at the heart of the parties' dispute and is therefore denied.

[4] Plaintiff makes clear that he does not concede that his claims for damages under the Eighth Amendment are moot. (*See* ECF No. 104, PageID.1176.) Those claims for monetary relief were not raised in the original complaint, however, and the R&R recommends dismissing those claims based on exhaustion grounds rather than their mootness. (ECF No. 106, PageID.1220–1227.)

9

U.S. 83, 94 (1998) (collecting cases); *Resurrection Schs. v. Hertel*, 35 F.4th 524, 528 (6th Cir. 2022).

Plaintiff explicitly concedes that his requests for injunctive relief are moot and should therefore be denied, (ECF No. 104, PageID.1176), so the R&R's characterization of his position is accurate. Further, because Plaintiff's injunctive relief claims are still pending and have become moot, they must be dismissed. Accordingly, Plaintiff's first objection is denied.

## B.    Objection 2

The R&R recommends holding that the claims in Plaintiff's original complaint "are no longer live" and that "the parties lack a legally cognizable interest in the outcome." (ECF No. 106, PageID.1218 (citing *Honig v. Doe*, 484 U.S. 305, 317 (1988)). It adds that "[t]he claims of denial of medical needs, unsafe drinking water, exposure to Covid-19, delays in medications, and dialysis treatment deficiencies are not actually included in the original complaint." (*Id.*) Plaintiff objects to these statements.

Plaintiff contends that the R&R reaches these conclusions based on certain misunderstandings. He asserts that the R&R is incorrect to

understand the original complaint as trying to get Defendants to "cease and desist" with certain Eighth Amendment violations and that he was raising Eighth Amendment claims "to PREVENT the violations once transferred." (ECF No. 109, PageID.1236.) In addition, he objects that the original complaint references denial of medical needs, unsafe drinking water, exposure to Covid-19, delays in medications, and dialysis treatment deficiencies and cites to the portions of the original complaint that discuss those issues. (ECF No. 109, PageID.1237.)

Even accepting Plaintiff's contention that the original complaint seeks to prevent certain violations as opposed to seeking to end certain ongoing conduct, Plaintiff's objection fails. In the original complaint, Plaintiff mentions the concerns he outlines in his objection, but they are presented as requests for relief and not as claims based on constitutional violations that have already occurred. (ECF No. 1, PageID.10–12.) That is, the original complaint does mention issues related to medical needs, drinking water, and so on, but it argues that these issues should be prevented through injunctive relief—not that they have already occurred and therefore require a remedy. Plaintiff has conceded that these requests for injunctive relief are now moot. (ECF No. 104, PageID.1176.)

11

That means that it does not matter whether Plaintiff intended to prevent certain conduct or whether he sought certain injunctive relief, because those claims must now be dismissed. *See Citizens for a Better Env't*, 523 U.S. at 94; *Resurrection Schs.*, 35 F.4th at 528. The R&R's recommendation to dismiss the original complaint is not undermined by Plaintiff's arguments. Accordingly, the second objection is denied.

## C.    Objection 3

The R&R states that "[b]ecause the transfer has already taken place, the claims from his original complaint are moot." (*Id.* at PageID.1219 (citing *Hanrahan v. Mohr*, 905 F.3d 947, 960 (6th Cir. 2018).) Plaintiff also objects to this statement, arguing that the facility transfer "give[s] life to" his claims under the Eighth Amendment. (ECF No. 109, PageID.1237.)

In support of this objection, Plaintiff asserts that the Court screened his complaint and referenced Eighth Amendment claims related to denial of medical needs, unsafe drinking water, exposure to Covid-19, delays in medications, and dialysis treatment deficiencies. (ECF No. 109, PageID.1238 (citing ECF No. 7, PageID.59–60).) He "contends that the

claims raised in his original complaint are recognized by the Court in its screening as Eighth Amendment claims to be brought forth." (*Id.*)

At the screening stage, the Court discussed these issues in relation to injunctive remedies Plaintiff sought in connection with the facility transfer. (ECF No. 7, PageID.59–60.) The Court denied Plaintiff's claims for preliminary injunctive relief, but at the screening stage—prior to the facility transfer—the Court allowed him to continue pursuing his claims for permanent injunctive relief under the Eighth Amendment.[5] (ECF No. 7, PageID.64, 67–68.) As set forth above, these injunctive claims are now moot and must be dismissed. Plaintiff's third objection does not raise any valid objection to the R&R's treatment of his moot claims for injunctive relief.

In saying that the facility transfer "give[s] life" to his Eighth Amendment, Plaintiff may intend to assert that his claims for damages

---

[5] Additionally, the Court applies different standards at the screening stage and the summary judgment stage. At the screening stage, the Court analyzes whether the complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from defendants who have immunity from such claims. (*See* ECF No. 7, PageID.61 (setting forth the applicable screening standards).) At the present stage of the litigation, summary judgment, the Court analyzes whether "the movant [is able to show] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

in the supplemental complaint are not moot. (ECF No. 109, PageID.1237.) The R&R does not recommend finding that Plaintiff's claims in the supplemental complaint, which are distinct from his earlier injunctive relief claims, are moot. (ECF No. 106, PageID.1219–1220 ("Given that his requests for injunctive relief no longer apply because the transfer has already occurred, and because the only relief Plaintiff requested in his original compliant was injunctive relief, conceding that he is not entitled to injunctive relief renders the original complaint moot. . . . The claims in the supplemental complaint, for which Plaintiff seeks monetary damages, will still go forward.").) Insofar as Plaintiff's objection relates to his damages claims, he misunderstands that the above-referenced statements in the R&R relate to Plaintiff's claims for injunctive relief. Accordingly, Plaintiff's third objection is denied.

### D.    Objection 4

The R&R recommends granting summary judgment on the claims in Plaintiff's supplemental complaint, because he failed to exhaust those claims pursuant to the Prison Litigation Reform Act ("PLRA"). (ECF No. 106, PageID.1227.) Plaintiff objects that he exhausted the claims alleged in his supplemental complaint.

14

The PLRA requires prisoners to exhaust available administrative remedies before they can bring a federal lawsuit "with respect to prison conditions." 42 U.S. § 1997e(a). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). MDOC's prison grievance procedures determine whether a claim is exhausted with respect to claims brought by the prisoners in that system. *Id.* at 922–23.

Because the original complaint is moot, the question at issue is whether the damages claims in Plaintiff's supplemental complaint were exhausted. There are two grievances that could have potentially exhausted Plaintiff's claims: PRF-200900162027 ("first grievance"), (*see* ECF No. 1, PageID.22–27), and WCC-21-12-1047-22Z ("second grievance"). (ECF 100-14.) Neither grievance exhausted the claims in Plaintiff's supplemental complaint.

Plaintiff acknowledges that the second grievance does not exhaust these claims and that the first grievance is the one the Court should consider. (ECF No. 109, PageID.1238–1239.) The second grievance relates to Plaintiff's time in segregation and not to the events at issue in

15

his supplemental complaint, as the R&R explains. (ECF No. 106, PageID.1225.)

The Court therefore proceeds to consider whether the first grievance exhausts the claims in the supplemental complaint. Plaintiff's first grievance is, by his own admission, "based on the content of the Directors Memo pertaining to the transfer of the Dialysis Unit." (ECF No. 1, PageID.19.) It attempted to raise concerns about an impending transfer and to prevent certain potential violations such a transfer might cause. MDOC rejected this grievance, deeming it improper by virtue of objecting to the content of a policy. (*Id.* at PageID.27, 30.) Plaintiff filed the first grievance in September 2020. (*Id.* at PageID.22.) On its face, then, the timing of the first grievance means it could not have exhausted the claims in the supplemental complaint, which arose after the transfer that occurred in January 2021. (ECF No. 100-3, PageID.908.)

The first grievance's timing—prior to the events underlying the supplemental complaint—prevents it from meeting the requirement that prisoners exhaust each violation separately when the violations at issue involve "discrete events." *Siggers v. Campbell*, 652 F.3d 681, 693 (6th Cir. 2011) (requiring Plaintiffs to grieve each violation unless either there is

16

either one ongoing harm or repeated instances of discrete but identical harm where filing repeated grievances would risk sanctions).

The events discussed in the first grievance are discrete from those addressed in the supplemental complaint. The first grievance is about a transfer that had not yet occurred. (ECF No. 1, PageID.22.) It grieved the content of a policy, as opposed to grieving realized injuries suffered by Plaintiff due to the application of a policy. (ECF No. 25, PageID.168.) Such objections to a policy may not be the subject of a grievance under MDOC grievance rules. In contrast, the supplemental complaint raises claims about injuries that allegedly occurred after the facility transfer. It is about "violations of policy or procedure or unsatisfactory conditions of confinement that personally affect the grievant," which may be the subject of a grievance under MDOC grievance policy. (*Id.* at PageID.167.) Plaintiff is therefore incorrect that his original claims and the claims in the supplemental complaint are "identical on [their] face." (ECF No. 109, PageID.1239.) There is a difference between alleging a violation about something that *might* happen and something that *did* happen—both under MDOC grievance policy and as a matter of common sense. The

supplemental complaint involves separate and discrete injuries from those discussed in the first grievance.

If Plaintiff had filed a separate grievance after the transfer regarding the issues raised in his supplemental complaint, it would have alerted prison officials of those problems and would have given them "a fair chance to remedy [the] complaints." *See Mattox v. Edelman*, 851 F.3d 583, 596 (6th Cir. 2017). Plaintiff did not do so. (*See* ECF No. 100-14, PageID.1133.) Because Plaintiff did not separately grieve the claims asserted in the supplemental complaint, he failed to exhaust them properly.

Plaintiff offers several arguments that attempt to avoid the conclusion that summary judgment should be granted due to failure to exhaust the claims in the supplemental complaint. None of these arguments succeed.

Plaintiff argues the R&R failed to review the entirety of the grievance, noting that he used "extra pages" in his grievance. (ECF No. 109, PageID.1239.) He does not quote any specific language from the grievance or cite to any portions of the record that the R&R failed to consider. This argument, presented without relevant citations to the

record, does not provide any basis for rejecting the R&R. And even if Plaintiff had adequately supported the claim that the R&R failed to consider portions of the grievance, it would still not explain how a pre-transfer grievance could exhaust the post-transfer claims asserted in the supplemental complaint.

Plaintiff also contends that the timing of his first grievance does not prevent it from exhausting the claims in the supplemental complaint, because it provided prison officials with notice of "the harms that would be caused to Plaintiff . . . if [the] memorandum would be implemented absent Eighth Amendment violations being addressed." (ECF No. 109, PageID.1239.) The cases he cites do not hold that a plaintiff can meet the exhaustion requirement by grieving injuries that could occur in the future. The cited cases establish the opposite conclusion. *See Mattox*, 851 F.3d at 595–96 (holding that a grievance could not exhaust claims related to a heart medication "that was not even at issue until after the grievances were filed, and that Mattox did not yet request"); *Salami v. Trumbley*, No. 19-11558, 2020 WL 6389839, at *1 (E.D. Mich. Sep. 4, 2020) (holding that a grievance filed after the events underlying the plaintiff's claims was sufficient for exhaustion).

19

He also suggests that his claims in the supplemental complaint "relate[] back" to his original complaint such that they are somehow "continual" with those earlier injunctive claims, which were not barred due to failure to exhaust. (ECF No. 109, PageID.1240.) Consideration of whether claims brought in relation to the MDOC system are exhausted—including when a plaintiff files a supplemental complaint—proceeds by looking at whether the specific claims raised were exhausted via MDOC's grievance procedure. *Mattox*, 851 F.3d at 595–96. The PLRA, Sixth Circuit caselaw, and the MDOC grievance policy do not permit a court to find that unexhausted claims broadly "relate[] back" to another set of exhausted claims in the manner that Plaintiff proposes. (ECF No. 109, PageID.1240.) Plaintiff does not cite anything that suggests otherwise.

Plaintiff further argues that part of why he did not file a grievance after the facility transfer is that his earlier grievance was rejected, so raising his supplemental complaint claims in a "second grievance would be redundant and futile." (ECF No. 109, PageID.1240.) The Sixth Circuit instructs that "exhaustion is required even if the prisoner subjectively believes the remedy is not available; even when the state cannot grant the particular relief requested; and even where the prisoners believe the

20

procedure to be ineffectual or futile." *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (cleaned up). Plaintiff's subjective belief is therefore not sufficient to excuse him from the exhaustion requirement.

Further, his subjective belief about the futility of such a grievance is unsupported. A grievance about the issues he raises in the supplemental complaint would not have been redundant. The first grievance had different substantive content than the claims raised in the supplemental complaint, because the events addressed in the supplemental complaint were discrete from those raised in the first grievance. Additionally, MDOC procedural requirements do not indicate that a grievance filed about the issues raised in the supplemental complaint would have been futile. MDOC rejected Plaintiff's initial grievance about the impending facility transfer because it grieved the content of a policy. Those reasons for rejecting a grievance did not apply to the claims in the supplemental complaint, which instead raise concerns about conditions of confinement and the application of the policy to Plaintiff. Plaintiff was therefore not excused from complying with the exhaustion requirements of the PLRA with respect to his claims in the supplemental complaint.

Plaintiff failed to exhaust the claims in the supplemental complaint, so the Court must grant summary judgment on those claims. Accordingly, Plaintiff's fourth objection is denied.

## IV. Conclusion

Having reviewed the R&R and the objections to it, the Court concurs with the R&R and adopts its reasoning and result.

For the reasons set forth above, Defendant's Objections to the R&R, (ECF No. 109), are DENIED, the R&R, (ECF No. 106), is ADOPTED, and Defendant's Motion for Summary Judgment, (ECF No. 100), is GRANTED.

IT IS SO ORDERED.

Dated: December 19, 2024          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 19, 2024.

                                  s/William Barkholz
                                  WILLIAM BARKHOLZ
                                  Case Manager